**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------- X
                                        :
SONY ERICSSON MOBILE COMMUNICATIONS :
AB,                                     :
                 Plaintiff,             :
         v.                             :    09 Civ. 995 (BSJ)
                                        :    **Order**
DELTA ELECTRONICS PUBLIC COMPANY        :
LIMITED (THAILAND),                     :
                                        :
                 Defendant.             :
                                        :
-------------------------------------- X

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

This Order addresses all of the outstanding motions in this litigation. As is more fully set forth below, Defendant Delta's Motion to Place Certain Confidential Information Under Seal is DENIED, Delta's Cross-Motion to Dismiss based on lack of jurisdiction is GRANTED, and Plaintiff's Order to Show Cause of April 6, 2009 is DENIED as moot.

### I. Delta's Motion to Place Certain Confidential Information

### Under Seal

Delta seeks to seal four different sets of documents in this case: (1) exhibit 2 of the Affirmation of Magnus Steen; (2) exhibits 1-3 of the Affirmation of Michael Tan; (3) the Affirmation of Piya Krootdaecha and accompanying exhibits 1-6; and (4) Delta's Memorandum of Law in Support of its Response to the Order to Show Cause of February 4, 2009. With the exception of exhibit 2 to the Affirmation of Magnus Steen, which was

1

submitted with Plaintiff's February 4, 2009 Petition to Confirm
the Foreign Arbitral Award, these documents were all submitted
in support of Delta's Response to Plaintiff's Order to Show
Cause of February 4, 2009 and Delta's Cross-Motions to Dismiss
and for a Temporary Restraining Order and Preliminary
Injunction.  For the reasons that follow, Delta's Motion to file
these documents under seal is DENIED.

There is a strong presumption of public access to "judicial
documents," which are those documents filed with the court that
are "relevant to the performance of the judicial function and
useful in the judicial process."  United States v. Amodeo, 44
F.3d 141, 145 (2d Cir. 1995).  As such, the Second Circuit has
enumerated the steps a district court must take when deciding
whether documents may be removed from public access.  See
Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006).
Under the Second Circuit's framework, after determining that the
papers at issue are, indeed, "judicial documents," the Court
must assess the weight to be given to the presumption in favor
of public access to such documents.  Id. at 119.  The weight
assigned must be "governed by the role of the material at issue
in the exercise of Article III judicial power," and will
generally fall on a continuum ranging "from matters that
directly affect an adjudication to matters that come within a
court's purview solely to insure their irrelevance."  Id.

(quoting United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995)) (internal quotation marks omitted). The Court must then balance the competing considerations against the presumption of access, which may include, inter alia, "the danger of impairing law enforcement or judicial efficiency," and "the privacy interests of those resisting disclosure." Id. at 120 (quoting Amodeo, 71 F.3d at 1050) (internal quotation marks omitted).

In this case, Delta does not dispute that the documents at issue are "judicial documents." (See Supplemental Mem. L. in Support of Motion to Place Certain Confidential Information Under Seal at 4.) Instead, Delta argues that the weight of the presumption in favor of access to the documents is low because the matter is likely to be decided on unrelated jurisdictional grounds and that the confidential nature of the commercial dealings between the parties, the underlying arbitration proceedings, and the proceedings of the Thai courts, are countervailing factors that weigh in favor of sealing. The Court disagrees.

As an initial matter, the Court is not convinced by Delta's argument that the presumption in favor of judicial access should be accorded little weight because the Court is likely to decide the case on jurisdictional grounds, and thus not rely on the documents at issue. In Lugosch, the Second Circuit stressed that documents should not "receive different weights of

3

presumption based on the extent to which they were relied upon in resolving the motion." Lugosch, 435 F.3d at 123. Accordingly, in the wake of that decision, at least one court has concluded that the test for the weight of the presumption of access "focuses not on whether the document was actually used by the court but, rather, on the role the document was intended to play in the exercise of the court's Article III duties." United States v. Sattar, 471 F. Supp. 2d 380, 386 (S.D.N.Y. 2006). Delta intended the documents at issue in this case to be taken into account by the Court in deciding Plaintiff's Petition to Confirm the Arbitral Award and Delta's Cross-Motion to Dismiss — activities central to the Court's duties in adjudicating this dispute.  Therefore, based on the Second Circuit's language in Lugosch, the Court is unconvinced that the weight of the presumption in favor of public access is as low as Delta maintains.  Even if the weight of that presumption is relatively low, however, Delta has not articulated any countervailing factors that can overcome it.  The fact that arbitral proceedings in this case may have been confidential under the arbitral rules or the arbitration clause at issue does not necessitate that they be kept confidential in these proceedings. See, e.g., Global Reinsurance Corp. - U.S. Branch v. Argonaut Ins. Co., Nos. 07 Civ. 8196, 07 Civ. 8350, 2008 WL 1805459 (S.D.N.Y. Apr. 24, 2008).  Similarly, contrary to Delta's

4

assertions, the fact that public access to proceedings before
Thai courts is limited has no bearing on public access to
documents (even those issued by Thai courts) that are filed
before this Court. Furthermore, Delta's general statement that
the documents at issue relate to the private and commercial
interests of the parties involved and contain sensitive
commercial information, is entirely unsubstantiated. Delta has
not made clear to the court why any of the information contained
in the documents is particularly sensitive. Indeed, Delta's
primary concern appears to be that the documents contain
information damaging to its reputation, a concern that, without
more, does not warrant judicial protection. Therefore, the
Court finds that Delta has not overcome the presumption in favor
of public access.

Accordingly, Delta's Motion to file the above-listed
documents under seal is DENIED. The Clerk of the Court is
directed to unseal any documents the Court previously permitted
to be filed under seal.

## II. Defendant's Motion to Dismiss

Based on information from the Parties that the funds
restrained in this action are being held in a bank account
located in California, it is now abundantly clear that this
Court does not have either personal jurisdiction over Defendant
Delta or quasi in rem jurisdiction based on the restrained

5

funds.   Accordingly, Defendant's Motion to Dismiss based on lack

of jurisdiction is GRANTED, the TRO issued on February 4, 2009

is DISSOVLED, and Plaintiff's Order to Show Cause of April 6,

2009 is DENIED as moot.   Because no issues remain to be decided

in this matter, the Clerk of the Court is directed to close the

case.

**SO ORDERED:**

Bárbara S. Jones
**UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
         April _8_, 2009

6